FILED - RZ
May 3, 2022 10:44 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
___mg___ Scanned by ___ 5/3/22

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE
SENTENCE BY A PERSON IN FEDERAL CUSTODY

**1:22-cv-397**
**Paul L. Maloney**
**U.S. District Judge**

| United States District Court<br>WESTERN DISTRICT OF MICHIGAN | SOUTHERN DIVISION | |
|---|---|---|
| Name (under which you were convicted):<br>JEREMY DARNELL MORTON | | Docket or Case No.:<br>1:08-CR-287-PLM |
| Place of Confinement:<br>FCI FLORENCE, FLORENCE COLORADO | | Prisoner No.:<br>14027-040 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted)<br>v.   JEREMY DARNELL MORTON | |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. DISTRICT COURT WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

    (b) Criminal docket or case number (if you know): 1:08-CR-287-PLM

2.  (a) Date of the judgment of conviction (if you know): December 9, 2019

    (b) Date of sentencing: DECEMBER 9, 2019 (DKT# 65)

3.  Length of sentence: 24 months imprisonment consecutive to Case No. 1:19-CR-108-PLM

4.  Nature of crime (all counts): Revocation/Supervised Release - Violation One - Possession of Heroin with intent to distribute (MCL 333.7401(2)(a)(iv)

5.  (a) What was your plea? (Check one)
    (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6.  If you went to trial, what kind of trial did you have? (Check one)   Supervised Release Revocation Hearing.

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes      No X

8. Did you appeal from the judgment of conviction?          X Yes      No

9. If you did appeal, answer the following:

   (a) Name of court:          U.S. Court of Appeals for the Sixth Circuit

   (b) Docket or case number (if you know):          19-2444

   (c) Result:          Affirmed

   (d) Date of result (if you know):          3/22/2021

   (e) Citation to the case (if you know): _____

   (f) Grounds raised:          unreasonable sentence

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☒ No ☐

     If "Yes," answer the following:

     (1) Docket or case number (if you know):          20-7872

     (2) Result:          certioari review declined

     (3) Date of result (if you know):          June 1, 2021

     (4) Citation to the case (if you know):

     (5) Grounds raised:          that the Sixth Circuit failed to correct unreasonable sentence .

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

     Yes          No   X

11. If your answer to Question 10 was "Yes," give the following information:

   (a)   (1) Name of court: _____

       (2) Docket or case number (if you know): _____ (3) Date of

       filing (if you know): _____ (4)

       Nature of the proceeding: _____

       (5) Grounds raised: _____

       (6) Did you receive a hearing where evidence was given on your motion, petition, or      application? Yes ☐ No ☐

   (7) Result: _____

   (8) Date of result (if you know): _____

   (b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ☐   No ☐

(2) Second petition:  Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**  Attorney Sean Tilton was ineffective assistance of counsel before and during Supervised Release Violation Hearing held on December 9, 2019 for his failure to investigate the constructive amendment of the Petition and alleged Violations or challenge the jurisdiction of the court in imposing a sentence, including a lack of jurisdiction to revoke supervised release pursuant to 18 U.S.C. § 3583(i) and Federal Rules of criminal Procedure, Rule 32.1(b)(1)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):  __SEE 12. A. (CONT'D)__

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: __2255 IS THE PROPER VEHICLE__

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____  Name

and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____ Result

(attach a copy of the court's opinion or order, if available): _____

Ground One - Supporting Facts (Cont'd)

On September 21, 2015, District Court Judge Robert Holmes Bell signed a Petition and Order for a warrant and summons to issue against the movant, Jeremy Morton for Supervised Release Violation 1 - New Criminal Offense (MCL 333.7401) and Violations 2-5 (Technical Violations). At the time the Petition was signed by Judge Robert Bell, the movant had been arrested without a warrant in Grand Rapids, Michigan (Kent County) on September 17, 2015. Therefore, the movant was required to be brought before a neutral and detached magistrate judge on probable cause on the movant's extended restraint of liberty for alleged criminal offense on September 17, 2015. However, immediately after the movant's arrest on September 17, 2015, rather than being taken to Kent County Jail for legal processing of his warrantless arrest by State Detective Jason Hartman and State Trooper Ed Brinkman, he was kidnapped and taken to Muskegon County Jail without probable cause hearing in Kent County having occurred in violation of the movant's due process rights as incorporated into the fourth amendment. See Gerstein v. Pugh, 420 U.S. 103 (1975) and County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

Subsequent to the movant's kidnapping and taken to Muskegon County where the movant had not committed a crime, was not wanted for a crime or charged with a crime, was false imprisoned at Muskegon County jail where on September 21, 2015, a Petition for Warrant or Summons was signed by Judge Robert Bell for probable cause that the movant had committed a new crime of possession of heroin with intent to distribute on September 17, 2015 in "Grand Rapids, Michigan." Undisputedly, the movant was being false imprisoned at the Muskegon County Jail since his warrantless arrest on September 17, 2015 with no prior probable cause hearing within 48 hours whatsoever, neither in Kent County or Muskegon County.

It was not until September 25, 2015, that State murder charges were filed against the movant in Muskegon County, in which State Detective Jason Hartman and State Trooper Ed Brinkman did not have to go out and locate the movant and arrest him for state murder charges because they had the movant already false imprisoned at Muskegon County Jail

Ground One - Supporting Facts (Cont'd)

on September 25, 2015.

The Due Process Clause requires that after the arrest, the determination that reasonable grounds exists for revocation of [Supervised Release] should be made by someone not directly involved in the case. See Morrissey v. Brewer, 408 U.S. 471 (1971), which held that . . . "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of alleged violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." Such an inquiry should be seen  as in the nature of a preliminary hearing to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions. Goldberg v. Kelly, 397 U.S. 254 at 267-271 (1970)("Due Process requires that a post deprivation hearing take place 'at a meaningful time and in a meaningful manner'").

Attorney Sean Tilton was appointed by the court to represent the movant in this case and Case No. 1:19-CR-108-PLM (possession with intent to distribute heroin in violation of 21 U.S.C. §841(a)(1)), which allegely occurred on September 17, 2015 and is the same facts used to support Judge Robert Holmes Bell September 21, 2015 finding of probable cause finding of Supervised release violation, new criminal offense under MCL 333.7401.

Attorney Tilton knew or should have known that no state or fedral drug charges even existed before or on September 21, 2015, at the time Judge Bell signed the Petition for Warrant or Summons that was prepared by U.S. Probation Officer John H. Hyink, who had no evidence or any proof that the movant had committed a new crime as alleged in his petition and Sean Tilton still failed to investigate what basis or evidence that the probation officer had relied upon. Attorney Tilton failed to call U.S. Probation Officer John H. Hyink as a witness to the Preliminary Hearing then scheduled for April 29, 2019, where State Detective Jason Hartman testified and presented exhibits 1-5, but no explanation from the probation officer as to how was it even possible to petition the

12-2

Ground One - Supporting Facts (Cont'd)

court for a warrant or summons where there had been absolutely no state or federal crime charged against the movant at the time the petition was submitted to Judge Bell. Attorney Sean Tilton simply did not effectively perform any legal responsibilities objectively reasonable on behalf of this movant. He did not challenge the court's lack of jurisdiction to revoke the movant's supervised release for an alleged violation of MCL 333.7401 or 21 U.S.C. §841(a)(1) which was not ever alleged in the petition for revocation. Most important, the law requires that a valid warrant or summons be issued before the expiration of supervised release. See 18 U.S.C. §3583(i) and Rule 32.1(b)(1) which requires a prompt preliminary hearing once a warrant or summons has been issued.

Attorney Sean Tilton failed to challenge the Supervised Release Revocation Proceedings as being "void ab initio." There was simply no way possible that a valid petition for warrant could have ever issued for charges that had never even been filed, which add supports to a sham prosecution theory where state officials pressured federal probation officer to file petition alleging commission of new crime as reflected in the petition for warrant or summons (DKT# 48) and the probation officer had not a single iota of evidence to corroborate any existence that the movant had committed state or federal drug charges on September 17, 2015, in Kent County. (See 2255 in Case No. 1:19-CR-108-PLM).

Attorney Sean Tilton was clearly ineffective for not attacking the revocation charge as jurisdictional based upon the multitude of violations, which fell below an objective standard of reasonableness and undermined the outcome of the proceedings where the movant was actually false imprisoned for four years without a preliminary hearing or on non existent charges that no probable cause determination was found. No competent or reasonable attorney would possibly stood idly by and allowed his client to be prosecuted on a petition for revocation that took four years to schedule a preliminary hearing and the individual was imprisoned on the revocation warrant the whole time and then the alleged new Offense was switched for another crime that was never alleged in the petition (DKT# 48). It

12-3

Ground One - Supporting Facts (Cont'd)

was not logical or reasonable that Attorney Sean Tilton stood next to this movant and allowed Judge Maloney impose a consecutive 24 months term of imprisonment upon the movant for violating his supervised release conditions "based on the commission of possession of heroin with the intent to distribute on September 17, 2015" and not immediately object on the record on the grounds that the petition for revocation was constructively amended to allege a different crime other MCL 333.7401 that the movant was imprisoned on for four years. But for counsel's unprofessional errors the outcome of the proceedings would likely have been different. The above acts and omissions on the part of Attorney Sean Tilton prejudiced the movant by resulting in a sentence that the court was without jurisdiction to impose for all the above reasons.

The movant requests that the 24 month revocation sentence is vacated because but for the incompetent legal representation of Attorney Tilton on April 29, 2019 and December 9, 2019, evidence on the record would have been established to support that the revocation proceedings were unconstitutionally "out-of-time, no factual or legal basis existed for revocation and the district court lacked jurisdiction to impose a sentence for the reason stated on record at the December 9, 2019, final revocation hearing." DKT# 65. In the alternative, Attorney Sean Tilton was ineffective for not raising an insufficiency of the evidence claim at the Preliminary and Final Supervised Release Revocation Hearing, which also entitled the movant to an abuse of discretion challenge that was not made in order to preserve such issue for an appeal because a district court's decision to revoke supervised release is reviewed for abuse of discretion, clear error in its factual findings and legal conclusions. See United States v. Kontrol, 554 F.3d 1089, 1091 (6th Cir. 2009). If a district court finds by a preponderance of the evidence standard that a defendant violated a condition of supervised release, it may revoke, after a final hearing, a term of supervised release. 18 U.S.C. §3583(e)(3); See also United States v. Givens, 786 F.3d 470, 471 (6th Cir. 2015).

12-4

<u>Ground One - Supporting Facts</u> (Cont'd)

In the Supervised Release context of 18 U.S.C. §3624(e), the key consideration is of course jurisdiction to revoke supervised release under 18 U.S.C. §3583(i) ("the clock on a defendant's supervised release term), is whether the clock stopped ticking the day of incarceration in Muskegon County on September 17, 2015, in connection with his warrantless arrest for possession with intent to distribute heroin (no probable cause hearing)(no preliminary hearing promptly ordered). Therefore, Attorney Sean Tilton knew or should have known that no jurisdiction existed on April 29, 2019, that even authorized a preliminary hearing in this case, yet alone, a probable cause finding to bind the movant over to the district court on a final revocation hearing or ordered the movant to be detained pending a final hearing in this case where the MCL 333.7401 offense was already dismissed. <u>United States v. Mont</u>, 723 F. App'x 325 (6th Cir. 2018).

There was never any previous notice on the record that an 21 U.S.C. §841(a)(1) offense was ever the subject of this movant's September 21, 2015, Petition for Warrant or Summons for violating supervised release. <u>See United States v. Johnson</u>, 356 F. Appx 785, 791 (6th Cir. 2009); <u>United States v. Stepheson</u>, 928 F.2d 728, 732 (6th Cir. 1991). This movant's September 17, 2015 warrantless arrest resulted in his loss of liberty and thus required a probable cause determination before a neutral and detached judicial officer in Kent County within 48 hours.

But for counsel unprofessional and incompetent errors the outcome of this movant's petition for revocation and subsequent proceedings would have been different, and also prejudiced the movant who received a 24 month sentence that the court was without jurisdiction to impose and further lacked sufficient evidence.

(3) Did you receive a hearing on your motion, petition, or application?

       Yes  ☐   No  ☐

(4) Did you appeal from the denial of your motion, petition, or application?

       Yes  ☐   No  ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes  ☐   No  ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Issue not proper for Direct appeal. Massaro v. USA, 123 S. Ct. 1690 (2003)

**GROUND TWO:** N/A _____

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** ___N/a_____

_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:_____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

       (3) Did you receive a hearing on your motion, petition, or application?

           Yes ☐   No ☐

       (4) Did you appeal from the denial of your motion, petition, or application?

           Yes ☐   No ☐

       (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

           Yes ☐   No ☐

       (6) If your answer to Question (c)(4) is "Yes," state:

       Name and location of the court where the appeal was filed: _____

       _____

       Docket or case number (if you know): _____

       Date of the court's decision: _____

       Result (attach a copy of the court's opinion or order, if available): _____

       _____

       _____

       (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

       _____

       _____

       _____

       _____

**GROUND FOUR:** ___N/A_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

(b)    **Direct Appeal of Ground Four:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?

           Yes ☐   No   ☐

       (2) If you did not raise this issue in your direct appeal, explain why: _____

       _____

       _____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13.   Is there any ground in this motion that you have not previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?

Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __Sean Tilton__

(b) At arraignment and plea: __Sean Tilton__

(c) At trial: __Sean Tilton and James Fisher__

(d) At sentencing: __Sean Tilton__

(e) On appeal: __Ray Richards, III.__

(f) In any post-conviction proceeding: __N/A__

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A__

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☑

No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: __U.S. District Court Western District of Michigan, Case No. 1:19-CR-108-PLM__

(b) Give the date the other sentence was imposed: __December 9, 2019__

(c) Give the length of the other sentence: __262 months__

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☒ No ☐

18.     TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*     N/A

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: ___That the 24 months sentence for___ ___supervised release revocation for new offense - possession with intent___ ___to distribute heroin in violation of 21 U.S.C. §841(a)(1) is vacated.___

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on ___4 - 25 - 2022___ _(date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

_____

_____

Jeremy D. Morton 14027-040
Federal Correctional Institution
P.O. Box 6000
Florence, Co 81226

CERTIFIED MAIL

7021 2720 0000 8538 0793



U.S. District Court
107 Federal Building
410 West Michigan Ave
Kalamazoo, MI 49007

Legal Mail

21