UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEREMY DARNELL MORTON,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 1:22-cv-397

Honorable Paul L. Maloney

## **OPINION AND ORDER**

Currently pending before the Court is Defendant-Movant Jeremy Darnell Morton ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Defendant has also filed a motion for a hearing. (ECF No. 8.) For the reasons set forth below, Defendant's motions will be denied.

**I.**    **Background**

On November 19, 2008, a grand jury returned an Indictment charging Defendant with two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). *See* Indictment, *United States v. Morton*, 1:08-cr-287 (W.D. Mich.) (ECF No. 1). Defendant subsequently entered into a plea agreement in which he agreed to plead guilty to one of the two counts. *See* Plea Agreement, *id.* (ECF No. 14). On May 11, 2009, Judge Robert Holmes Bell sentenced Defendant to 60 months' incarceration, to be served concurrently to the state sentence Defendant was then serving, and 4 years of supervised release. *See* J., *id.* (ECF No. 23). The United States Court of Appeals for the Sixth Circuit subsequently affirmed this Court's judgment. *See* Order, *id.* (ECF No. 28).

Defendant's supervised release commenced on December 22, 2012. On May 30, 2014, Judge Bell granted the Probation Officer's request to issue a warrant for Defendant's arrest for allegedly violating numerous conditions of his supervised release. *See* Petition for Warrant or Summons for Offender Under Supervision, *id.* (ECF No. 34). Defendant was arrested on June 2, 2014, and attorney Sean Tilton was appointed to represent him. Ultimately, Defendant admitted to the violations at a hearing held on June 12, 2014, and Judge Bell revoked his supervised release and sentenced him to 30 days' imprisonment to be followed by 35 months of supervised release. *See* J., *id.* (ECF No. 45).

Defendant's supervision recommenced on July 1, 2014. On September 21, 2015, Judge Bell granted the Probation Officer's request to issue a warrant for Defendant's arrest for allegedly violating numerous conditions of his supervised release. *See* Petition for Warrant or Summons for Offender Under Supervision, *id.* (ECF No. 48). The Probation Officer alleged that Defendant had violated the following conditions: (1) that he not commit another federal, state, or local crime; (2) that he report to the Probation Officer in a manner and frequency directed by the Court or Probation Officer; (3) that he participate in drug testing and treatment; (4) that he be at his approved residence between 11:00 p.m. and 6:00 a.m.; and (5) that he reside at a residence approved in advance by the Probation Officer. *See id.*

With respect to the allegation that Defendant had committed another federal, state, or local crime, the Petition set forth that on September 17, 2015, law enforcement officers in Grand Rapids, Michigan were "looking for possible witnesses and or suspects in relation to the September 2015 shootings in the Muskegon Heights, Michigan, area." *Id.*, (ECF No. 48, PageID.169). Officers observed Defendant and recognized him as a person of interest in the shootings. *See id.* Defendant entered a Comfort Inn in the area. *See id.* Officers made contact with Comfort Inn staff, who

3

advised that they saw Defendant enter the bathroom in the north hallway. *See id.* Ultimately, law enforcement officers stopped Defendant as he exited the north stairwell into the hallway. *See id.* Officers located $8,380.76 on Defendant's person and located a clear bag containing 12 grams of heroin inside the toilet water tank in the bathroom where Defendant had been. *See id.*

On September 17, 2015, Defendant was charged in state court with delivery/manufacture of less than 50 grams of heroin. *See* Presentence Investigation Report (PSR), *United States v. Morton*, No. 1:19-cr-108 (W.D. Mich. (ECF No. 52, PageID.371). That charge was nolle prossed on April 24, 2019. *See id.* On September 24, 2015, Defendant was charged in two additional cases in Muskegon County, Michigan. *See id.*, (ECF No. 52, PageID.372). In the first case, Defendant was charged with being an accessory after the fact, tampering with evidence, and three firearms offenses; however, those charges were nolle prossed on November 2, 2016. *See id.* In the second case, Defendant was charged with open murder, first-degree murder, and felony firearms. *See id.* Those charges were nolle prossed without prejudice on February 6, 2017. *See id.* Those three charges were brought against Defendant again on February 6, 2017, but were again nolle prossed on April 23, 2019. *See id.*, (ECF No. 52, PageID.373). Before the charges were nolle prossed, federal authorities obtained a warrant pursuant to a criminal complaint charging Defendant with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). *See* Crim. Compl., *id.* (ECF No. 1).

Attorney Tilton was again appointed to represent Defendant for both supervised release proceedings and the new heroin charge against him. The Court held Defendant's final revocation hearing on December 9, 2019. At that hearing, the Court found Defendant guilty of the condition that he not commit another federal, state, or local crime after concluding that Defendant had possessed heroin with the intent to distribute it. *See* J., *id.* (ECF No. 65, PageID.193). The

4

remaining violations were dismissed on the government's motion. *See id.* The Court revoked Defendant's supervised release and sentenced him to 24 months' incarceration, to be served consecutively to the term imposed in Criminal Case No. 1:19-cr-108. *See id.* The Court noted that no additional term of supervision would be imposed in Criminal Case No. 1:08-cr-287 upon Defendant's release. *See id.*

Defendant appealed, and the Sixth Circuit consolidated his appeal with Defendant's appeal of his conviction and sentence in Criminal Case No. 1:19-cr-108. *See United States v. Morton*, 843 F. App'x 699 (6th Cir. 2021). The Sixth Circuit affirmed Defendant's conviction and sentence in Criminal Case No. 1:19-cr-108, as well as the revocation sentence imposed upon Defendant. *See id.* at 707. The United States Supreme Court denied Defendant's petition for a writ of certiorari on June 1, 2021. *See Morton v. United States*, 141 S. Ct. 2713 (2021).

Defendant filed his § 2255 motion (ECF No. 1) on May 3, 2022. In an order (ECF No. 3) entered the next day, the Court ordered the government to file a response to the motion. After receiving an extension of time to do so (ECF Nos. 5, 7), the government filed its response (ECF No. 11) on August 8, 2022. On June 13, 2022, Defendant filed a motion for a hearing. (ECF No. 8.) After receiving an extension of time to do so (ECF Nos. 12, 13), Defendant filed his reply (ECF No. 14) on September 19, 2022.

**II.    Analysis**

    **A.    Legal Standards**

        **1.    Section 2255 Proceedings in General**

A federal prisoner may challenge his sentence by filing in the district court where he was sentenced a motion under 28 U.S.C. § 2255. A valid § 2255 motion requires a movant to show that "the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

5

maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 affords relief for a claimed constitutional error only when the error had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Non-constitutional errors generally are outside the scope of § 2255 relief, and they should afford collateral relief only when they create a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (internal quotation marks omitted). As a general rule, a claim not raised on direct review is procedurally defaulted and may not be raised on collateral review absent a showing of either (1) cause and actual prejudice; or (2) actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart*, 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

### 2. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### B. Discussion

Defendant raises one overarching claim of ineffective assistance of counsel in his § 2255 motion. Specifically, Defendant faults attorney Tilton for "failing to investigate the constructive amendment of the Petition and alleged Violations or challenge the jurisdiction of the [C]ourt in

6

imposing a sentence, including a lack of jurisdiction to revoke supervised release." (§ 2255 Mot., ECF No. 1, PageID.3.) The government has separated Defendant's claim into four complaints about attorney Tilton: (1) that attorney Tilton should have argued that the Court lacked jurisdiction; (2) that attorney Tilton should have argued that the Probation Officer lacked a basis to claim that Defendant had violated state or federal law when he submitted the petition for revocation; (3) that counsel should have argued that the delay between issuance of the warrant and his initial appearance rendered the proceedings void *ab initio*; and (4) that counsel should have argued there was a variance between the petition's allegations and the ultimate revocation. (ECF No. 11, PageID.52–53.)

In support of his claim of ineffective assistance, Defendant contends that he was arrested without a warrant on September 17, 2015, but instead of being taken to the Kent County Jail, he was "kidnapped and taken to Muskegon County Jail without [a] probable cause hearing in Kent County having occurred." (§ 2255 Mot., ECF No. 1, PageId.4.) Defendant suggests that he was falsely imprisoned because no probable cause hearing occurred within 48 hours in either Kent County or Muskegon County. (*Id.*) According to Defendant, attorney Tilton "knew or should have known that no state or [federal] drug charges even existed before or on September 21, 2015, at the time Judge Bell signed the Petition for Warrant or Summons." (*Id.*, PageID.5.) Overall, Defendant contends that his supervised release revocation proceedings amounted to a "sham prosecution" because "absolutely no state or federal crime [had been] charged against [Defendant] at the time the petition was submitted to Judge Bell." (*Id.*, PageID.6.) Defendant also faults attorney Tilton for not challenging the fact that it "took four years to schedule a preliminary hearing" for revocation purposes. (*Id.*) Defendant also contends that attorney Tilton should have raised the fact

7

that "a[] 21 U.S.C. § 841(a)(1) offense was [n]ever the subject of [Defendant's] September 21, 2015, Petition for Warrant or Summons for violating supervised release." (*Id.*, PageID.8.)

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

The government asserts that none of Defendant's assertions lack merit, and this Court agrees. As noted above, Defendant believes that attorney Tilton should have challenged the Court's jurisdiction on the basis that probable cause for the drug charge had not been established when the petition for revocation was issued on September 21, 2015. The Sixth Circuit has noted that "revocation hearings are more flexible than a criminal trial." *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991). Thus, during revocation proceedings, a judge may consider reliable hearsay. *See id.* Moreover, Defendant has not cited, and the Court has not located, any authority

8

suggesting that the lack of a probable cause hearing with respect to a new charge upon which a petition for revocation of supervised release is based divests a federal court of jurisdiction to issue a warrant upon that petition. In any event, Magistrate Judge Ray Kent conducted a preliminary hearing with respect to both the petition for revocation in Criminal Case No. 1:08-cr-287 and the criminal complaint in Criminal Case No. 1:19-cr-108. *See* Minutes, *United States v. Morton*, No. 1:08-cr-287 (W.D. Mich.) (ECF No. 56). The Court heard testimony from Detective Trooper Jason Hartman, and Magistrate Judge Kent found that probable cause existed to bind Defendant over for further proceedings. *See id.*

Defendant also faults attorney Tilton for not challenging the fact that it "took four years to schedule a preliminary hearing" for revocation purposes. (§ 2255 Mot., ECF No. 1, PageID.6.) As noted above, the warrant for Defendant's arrest on the petition for revocation was issued on September 21, 2015. However, the docket reflects that the warrant was not executed until April 24, 2019. Defendant's initial appearance for revocation proceedings occurred that same day, and his preliminary hearing occurred on April 29, 2019.

Although Defendant contends that he was falsely imprisoned from September 2015 until 2019, Defendant neglects the fact that he was in custody pursuant to various state charges during that entire time. The two Muskegon County cases against Defendant were nolle prossed in 2017. However, the Kent County drug charge was not nolle prossed until April 24, 2019, the same day that the warrant for the revocation petition was executed. The Sixth Circuit has noted that for purposes of 18 U.S.C. § 3606, which governs the arrest of a probationer or individual on supervised release, "execution of the warrant [is] the 'operative event triggering' the defendant's right to be brought before the district court 'without unnecessary delay.'" *United States v. Ivy*, 678 F. App'x 369, 373 (6th Cir. 2017). Furthermore, the Third Circuit has noted that "it is 'reasonable for the

9

District Court to wait for the adjudication of the state court charges before proceeding with the revocation hearing.'" *United States v. Petlock*, 843 F. App'x 441, 445 (3d Cir. 2021) (quoting *United States v. Poellnitz*, 372 F.3d 562, 571 (3d Cir. 2004)). Here, contrary to Defendant's assertion, he simply had not been arrested on the federal warrant for revocation until April 24, 2019, and he was brought before this Court for his initial appearance that same day.

In any event, "delay between a defendant's violation of supervised release and the execution of the violation warrant does not, in and of itself, violate a defendant's due process rights." *United States v. Ramos*, 401 F.3d 111, 115 (2d Cir. 2005) (quoting *United States v. Sanchez*, 225 F.3d 172, 175 (2d Cir. 2000)). Concerns about such a delay "come into play only when the delay has prejudiced the defendant's ability to contest the validity of the revocation." *See United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996). Here, Defendant has not suggested any such prejudice—nor can he. Following a jury trial held on August 12 and 13, 2019, a jury found Defendant guilty of possession of heroin with the intent to distribute. *See* Jury Verdict, *United States v. Morton*, No. 1:19-cr-108 (W.D. Mich.) (ECF No. 46). Defendant was fully able to present a defense during that jury trial. Shortly thereafter, on December 9, 2019, the government relied upon the jury verdict in Criminal Case No. 1:19-cr-108 to argue that the Court should find Defendant guilty of violating his supervised release. *See* Transcript, *United States v. Morton*, No. 1:08-cr-287 (W.D. Mich.) (ECF No. 69, PageID.228). The Court agreed and found Defendant guilty of that violation based upon the jury verdict. *See id.*, (ECF No. 69, PageID.229).

Finally, Defendant suggests that the petition for revocation was constructively amended because it did not allege a violation of 21 U.S.C. § 841 and that this amounts to fundamental error. The petition set forth that on September 17, 2015, Defendant possessed heroin with the intent to distribute, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iv). *See* Petition for Warrant or

10

Summons for Offender Under Supervision, *id.* (ECF No. 48, PageID.169). However, Defendant was ultimately found to have violated his supervised release based upon the jury verdict finding him guilty of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

Although Defendant's revocation was ultimately based upon a violation of federal law, not state law as asserted in the petition, the Court cannot agree with Defendant that a fundamental error occurred. The petition placed Defendant on notice that he had violated his supervised release by allegedly possessing heroin with intent to distribute. That is a crime under both federal and state law. Both require proof of the same basic elements. *Compare* 6th Cir. Pattern Jury Instruction 14.01 *with* Mich. Crim. Jury Instruction 12.3. Thus, the jury's conclusion that Defendant was guilty of violating 21 U.S.C. § 841(a)(1) essentially leads to a conclusion that Defendant also violated Mich. Comp. Laws § 333.7401(2)(a)(iv). In any event, Defendant cannot plausibly assert any prejudice from any constructive amendment of the petition, given that the violation of which he was found guilty was based upon the same conduct that formed the basis of the petition.

In sum, none of the arguments that Defendant sets forth in his § 2255 motion have merit. Counsel is "not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *see also Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) (noting that "[o]mitting meritless arguments is neither professionally unreasonable nor prejudicial"). The Court, therefore, will deny Defendant's § 2255 motion (ECF No. 1). Moreover, because the record conclusively establishes that Defendant is not entitled to relief, there is no need for the Court to conduct an evidentiary hearing. Accordingly, the Court will deny Defendant's motion for a hearing (ECF No. 8).

### III.   Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Defendant has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's § 2255 motion. Accordingly,

**IT IS ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for a hearing (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated:  September 26, 2024                                        /s/ Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge